### RENUART LUMBER YARDS, Inc. v. KAYE, et al.

Circuit Court, Dade County, Civil Appeal.

October 11, 1954.

Mark Silverstein, Miami Beach, for appellants.

Padgett & Teasley, Miami, for appellee.

PAT CANNON, Circuit Judge.

This is an appeal from a final judgment of the civil court of record dated July 8, 1954 and an amended final judgment dated July 9, 1954. In the lower court appellants were the defendants and the appellee the plaintiff corporation.

Plaintiff brought suit against the defendants on a promissory note signed by them. Typed on the reverse side thereof was the following—"This note is given and accepted subject to the terms and conditions of the attached letter between the parties dated July 5th, 1950."

The July 5th letter provided that plaintiff would have a duly authorized representative meet with defendants' representative at a time agreed upon sufficiently in advance to make sure that plaintiff—"will be able to have a representative at such meeting to discuss adjustments with respect to the matters hereinafter referred to."

Defendants filed an answer claiming certain adjustments and alleging the refusal of the plaintiff to appoint a representative to hold the meeting and to act reasonably and in good faith in an attempt to make adjustments.

On June 8, 1954 plaintiff filed a motion for a summary judgment to which was attached a copy of the July 5th letter and an affidavit of its vice president alleging that plaintiff had notified defendants that no adjustments would be made. The affidavit did not state, however, that it had appointed a representative to meet with defendants' representative or that the representatives ever called or held a meeting or arrived at any decision.

The hearing on plaintiff's motion for summary judgment took place on July 1, 1954, at which time defendants offered a counter affidavit in which they in substance reaffirmed under oath the allegations of their answer with respect to plaintiff's failure and refusal to appoint a representative and to act reasonably and in good faith in an attempt to make the adjustments claimed.

The trial judge refused to accept and consider the counter affidavit, stating that it had not been filed at least 24 hours before the hearing, and that in his opinion he had no discretion to accept it.

This appeal presents two questions—*first,* whether the trial judge was correct in refusing to exercise discretion in the acceptance or refusal of the counter affidavit; *second,* whether he was correct in granting plaintiff a summary judgment—thereby finding that there was no genuine issue as to any material fact.

The trial judge erred when he refused to exercise discretion in the admitting of the counter affidavit which defendants sought to file before him on the day of the hearing. Common law rule 43 pertaining to summary judgments adopts rule 56 of the federal rules of civil procedure. Moore's Federal Practice, vol. 6, sec. 56.14, reads as follows at page 2098—"And rule 56(c) states that 'The adverse party prior to the hearing may serve opposing affidavits.' This should be read in conjunction with rule 6(d) which vests in the court the power to permit opposing affidavits 'to be served *at some other time*'." (Italics added.)

In my opinion the trial judge erred, further, in finding that there was no genuine issue as to any material fact. The letter of July 5th required plaintiff to have a duly authorized representative meet with defendants' representative at a time sufficiently in advance to make sure the corporation would be able to have a representative at such a meeting to discuss adjustments; and though it provided that such promise (to have a representative at a meeting to discuss adjustments) did not bind it beforehand to make adjustments if none were warranted, it clearly bound it to meet and negotiate in good faith.

The allegations in its affidavit fall far short of showing compliance with this condition. Manifestly there was a sufficient issue of fact to preclude entry of a summary judgment. The judgment and amended judgment are reversed and the case is remanded for further proceedings not inconsistent with this opinion.